**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**NO. 3:22-CV-673-RGJ**

**SHAWANDA CARTER**                                                                                       **PLAINTIFF**
**as Administratrix of the**
**ESTATE OF DEVOR STONER**

v.        **REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**
          **PLAINTIFF'S CLAIMS AGAINST METRO GOVERNMENT**
          **(electronically filed)**

**LOUISVILLE-JEFFERSON COUNTY**
**METRO GOVERNMENT,** *et al.*                                                                       **DEFENDANTS**

\* \* \* \* \* \* \*

Comes Defendant, Louisville-Jefferson County Metro Government ("Metro Government"), by counsel, and in reply to Plaintiff's response to its Motion to Dismiss states as follows:

Plaintiff's Response to the Motion to Dismiss acknowledges that there are no state law claims against Metro Government, leaving only a *Monell* claim wherein it must be properly alleged that a federal violation occurred because of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff's Second Amended Complaint and Response fail to make such a showing. The Second Amended Complaint contains absolutely no factual support for a claim against Metro Government. In support of the claim against Metro Government, Plaintiff points to the generic allegations contained in Paragraph 18 asserting that "LMPD has utilized persons in the community as confidential informants . . . Louisville's mayor has touted the need for community interaction with the police as a means of ferreting out criminal activity in the city." *See* DN 8, p. 11. Plaintiff also somehow argues that because Metro Government has a policy with specific requirements when a minor is used as an informant, this shows a policy

allowing for liability against Metro Government. This alleged policy cannot be tied in any way to the alleged injuries to Stoner. Plaintiff then goes on to allege that LMPD officers were not adequately trained or supervised. *Id* at pp.11-12.

Allegations that a police department uses informants in certain circumstances and that the Mayor has encouraged the community to work with law enforcement in an effort to curb violent crime do nothing to establish a policy, custom, or practice of Metro Government in utilizing minors as informants without parental consent. Rather, both the Second Amended Complaint and Response to the Motion to Dismiss set forth a set of facts specific only to individual defendants with no evidentiary support. Not only is there no evidentiary support for the factual allegations, but the facts alleged are not likely to ever bear evidentiary support as they are patently false. Devor Stoner was not an informant, and the only actions taken by the officers that responded to the scene where he was shot after attempting to rob an individual at gunpoint were life saving attempts. Plaintiff complains that Metro Government did not provide information relating to the investigation prior to the filing of the Response. *See* DN 8, p. 2. However, well before the Response was filed, the body camera videos were released to the media and, while redacted, clearly refute specific factual allegations raised by Plaintiff and demonstrated the life saving efforts made by responding officers. Even if the factual allegations against the individual officers were true, the Second Amended Complaint wholly fails to raise a valid claim against Metro Government as it does not establish a policy or custom giving rise to municipal liability.

### I.     Use of Minors in Investigative Operations

Plaintiff asserts that Metro Government has "a custom or policy of allowing the use of minors in dangerous investigative operations." *See* DN 8, p. 4. This is contrary to the facts pled in the Second Amended Complaint wherein it was alleged that Metro Government's specific

policies related to the use of informants were not followed. Plaintiff later referenced the policy requirements surrounding the use of confidential informants, specifically minors, and alleged that Metro government "failed to ensure the Defendant Officers were trained in implementing these steps and further failed to supervise the operation requiring these steps." *See* DN 8, p.12. Plaintiff's pleadings make it clear that the policies in effect cannot form the basis of a *Monell* claim, leaving only an alleged custom practice. In support of such custom, Plaintiff simply states that LMPD has a "custom of allowing essentially unfettered, unsupervised, and undertrained activity." *Id*. There are once again no factual allegations to support such a conclusory statement. Further, there are no factual allegations related to the alleged use of minors as confidential informants to establish such a custom or practice with respect to the claims at issue.

## II.    Failure to Train and Supervise

In the Second Amended Complaint, the Negligent Training and Supervision claim was raised as a state law claim. There was no §1983 language included within the claim to identify this as a federal claim. However, as Plaintiff has now conceded sovereign immunity, he attempts to address this as a §1983 claim. Plaintiff's assertion that the §1983 claim against Metro Government lies with a purported failure to train and supervise does not save the action from dismissal.

In order to prevent failure to train and failure to supervise claims from "transform[ing] into a vicarious liability statute, the Supreme Court has required plaintiffs to prove two demanding elements." *Gambrel v. Knox County, Kentucky*, 25 F. 4th 391, 408 (6th Cir. 2022). In order to meet these requirements and show a plausible claim for relief, Plaintiff must properly plead that Metro Government acted with deliberate indifference and that the improper training or supervision "actually caused" his injuries. *Id*.

"The systematic failure to train or supervise police officers adequately can amount to a custom or policy justifying city liability 'when the failure ... amounts to 'deliberate indifference' on behalf of the city toward its inhabitants.'" *Campbell v. City of Springboro, Ohio*, 788 F. Supp. 2d 637, 678 (S.D. Ohio 2011), *aff'd in part, appeal dismissed in part*, 700 F.3d 779 (6th Cir. 2012), *quoting City of Canton v. Harris*, 489 U.S. 378, 388 (1989). To be a "policy" of deliberate indifference, [LMPD] must have taken a "course of action consciously chosen from among various alternatives" to adopt an inadequate training regimen for its officers. *Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985). In order to establish that Metro Government acted with deliberate indifference, Plaintiff must allege either "prior instances of unconstitutional conduct demonstrating that [Metro Government] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury," or that "a single violation of federal rights, accompanied by a showing that [Metro Government] has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation . . ." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005) (citations omitted); *Bd. of Cty. Comm'rs of Bryan Cty v. Brown*, 520 U.S. 397, 409 (1997) (citations omitted).

It will not be sufficient for the Plaintiff to suggest "that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct." *Canton,* 489 U.S. at 391. *Canton* also pointed out that the sufficiency of training for any individual officer does not give rise to liability for the entire program of training that a municipality might offer. *Id*. at 390-391. While Plaintiff's Second Amended Complaint and Response to the Motion to Dismiss contain general allegations relating to Metro Government's training and supervision of its officers, Plaintiff has failed to specify any allegedly similar conduct. There are no allegations that LMPD was on notice of the issue and acted with

deliberate indifference toward the problem. In fact, Plaintiff specifically alleged in the Second Amended Complaint that the risks associated with the use of civilians as informants and the increased level of danger associated with the use of minors as confidential informants are "known to participating LMPD personnel and [are] discussed with participating law enforcement personnel during related training sessions and field operations." *See* Second Amended Complaint, ¶¶19, 20. Plaintiff has offered no more than the mere suggestion that better or more training and supervision could have prevented the alleged injury despite actually alleging that participating officers are trained on the associated risks. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the facts will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citations omitted). Plaintiff has not set forth any set of facts entitling relief against Metro Government.

### III. Eighth Amendment

Plaintiff asserted that the Defendants violated his Eighth Amendment rights within his §1983 failure to train claim. *See Complaint, Paragraph 115*. The Eighth Amendment is inapplicable because the law is clear that the Eighth Amendment only applies to prisoners who have been *convicted* of a crime. *Ingraham v. Wright*, 430 U.S. 651 (1977). Plaintiff was not a convicted prisoner at the time of this alleged violation, so his Eighth Amendment claim must fail.

### IV. Punitive Damages

Plaintiff appears to recognize that Metro Government cannot be required to pay punitive damages.

**Conclusion**

For the foregoing reasons, Metro Government respectfully request this Honorable Court to enter the attached order dismissing all of Plaintiff's claims against it.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


_/s/ Susan K. Rivera_
KRISTIE B. WALKER
SUSAN K. RIVERA
Assistant Jefferson County Attorneys
200 S. Fifth Street, Suite 300N
Louisville, Kentucky 40202
Phone (502) 574-3076
Fax (502) 574-4215
Susan.rivera@louisvilleky.gov
*Counsel for Defendant, Metro Government*


**CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was electronically filed on January 30, 2023 using the ECF system which will send notice to all counsel of record.


_/s/ Susan K. Rivera_
Susan K. Rivera