UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| SHAWANDA CARTER ) | |
| as Administratrix of the ) | |
| ESTATE OF DEVOR STONER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | NO. 3:22:CV-00673-RGJ |
| ) | |
| LOUISVILLE-JEFFERSON COUNTY ) | |
| METRO GOVERNMENT, *ET AL*. ) | |
| ) | |
| Defendants ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Come the Defendant Officers Clayton Bunch, Abigail Christman, Jarrett Goff, Nathaniel Hernandez, Nicholas Holkamp, Levi McDermott, Bryan Oberhausen, Kyle Shuttleworth, Stephen Snider, Kevin Speaks, James Steffan, and Travis Whitham (hereinafter referred to as the "Answering Defendants"), by and through counsel, and for their Answer to Plaintiff's Second Amended Complaint, state as follows:

1. Paragraph 1 states legal conclusions to which no responsive pleading is required.

2. Answering Defendants deny the allegations contained in Paragraph 2 of the Second Amended Complaint.

3. With respect to Paragraphs 3-9, the Answering Defendants acknowledge that Stoner was shot and killed on August 25, 2021. The Answering Defendants deny all remaining allegations in these paragraphs. The Answering Defendants state that

1

the response to the shooting was recorded on body cameras as well as security cameras at Zaxby's, and those videos will speak for themselves.

4. Paragraph 10 states legal conclusions to which no responsive pleading is required.

5. The Answering Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Second Amended Complaint and therefore deny same.

6. Paragraph 12 contains statements that do not relate to the Answering Defendants, and no response is required.

7. In response to Paragraph 13 of Plaintiffs' Second Amended Complaint, the Answering Defendants admit that they were employed by LMPD on August 25, 2021. These Defendants deny all other allegations contained in this Paragraph, in part for lack of knowledge as not all allegations pertain to the Answering Defendants.

8. The Answering Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraphs 14 and 15.

9. These Defendants deny the allegations contained in Paragraphs 16 - 21 of the Second Amended Complaint, in part for lack of knowledge and because these allegations do not relate to the Answering Defendants.

10. With respect to Paragraph 22 of the Second Amended Complaint, the SOPs will speak for themselves.

11. The Answering Defendants deny the allegations contained in Paragraphs 23 – 39 of the Second Amended Complaint. In response to these Paragraphs, the Answering Defendants state that the response to the August 25, 2021 shooting in

      the Zaxby's parking lot was recorded on body cameras and security cameras at Zaxby's. The video footage will speak for itself and confirm that the officers responded to the scene of the shooting and attempted to save Stoner's life. The videos further reveal that there were no audio or video recording devices on Stoner's body as alleged in these Paragraphs. These factual allegations lack evidentiary support.

12. Paragraphs 40, 41, and 42 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent that response is required, the Answering Defendants deny same.

13. The Answering Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 of the Second Amended Complaint.

14. The Answering Defendants deny the allegations contained in Paragraph 44.

15. Paragraphs 45 – 66 contain legal conclusions to which no response is required. To the extent that response is required, the Answering Defendants deny same.

16. The Answering Defendants deny the allegations contained in Paragraph 67 of the Second Amended Complaint.

17. In response to Paragraph 68 of Plaintiff's Second Amended Complaint, the Answering Defendants restate and incorporate by reference all answers and defenses set forth above.

18. The Answering Defendants deny the allegations contained in Paragraphs 69 – 72 of the Second Amended Complaint.

19. In response to Paragraph 73 of Plaintiff's Second Amended Complaint, the Answering Defendants restate and incorporate by reference all answers and defenses set forth above.

20. Paragraphs 74 - 76 state legal conclusions to which no response is required. To the extent that response is required, the Answering Defendants deny same.

21. In response to Paragraph 77 of Plaintiff's Second Amended Complaint, the Answering Defendants restate and incorporate by reference all answers and defenses set forth above.

22. Paragraphs 78 - 81 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent response is required, the Answering Defendants deny same.

23. In response to Paragraph 82 of Plaintiff's Second Amended Complaint, the Answering Defendants restate and incorporate by reference all answers and defenses set forth above.

24. The Answering Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 83 of the Second Amended Complaint.

25. Paragraphs 84 and 85 contain legal conclusions to which no response is required. To the extent that response is required, the Answering Defendants deny same.

26. Paragraphs 86-91 are the subject of a pending Motion to Dismiss and do not pertain to the Answering Defendants. No response is required at this time. To the extent that response is required, the Answering Defendants deny same.

27. In response to Paragraph 92 of Plaintiff's Second Amended Complaint, the Answering Defendants restate and incorporate by reference all answers and defenses set forth above.

28. Paragraphs 93-95 contains legal conclusions to which no response is required. To the extent that response is required, the Answering Defendants deny same.

29. All allegations in the Second Amended Complaint not specifically admitted or denied are hereby denied.

First Defense

30. The Complaint Fails to State a claim for which relief may be granted.

Second Defense

31. The injuries and damages claimed in the Complaint were caused in whole or in part by the actions of Plaintiff and/or a third party.

Third Defense

32. Defendants are entitled to absolute and sovereign immunity.

Fourth Defense

33. Plaintiff's action is barred, in whole or in part, by these Defendants' entitlement to qualified immunity and/or any other applicable immunity as at all times relevant to the Complaint, Defendants acted in good faith and in accordance with clearly established law.

### Fifth Defense

34. The Plaintiff's injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes over which these Defendants have no control or for which these Defendants have no responsibility or liability.

### Sixth Defense

35. These Defendants affirmatively plead each of the enumerated defenses contained in Federal Rules of Procedure 8 and 12, including but not limited to waiver, laches and estoppel, to the extent such defense or defenses are or may be applicable.

### Seventh Defense

36. Plaintiff has failed to mitigate damages, if any, and is therefore barred from relief.

### Eighth Defense

37. The Complaint fails to allege facts sufficient to permit an award of punitive damages against Defendants.

### Ninth Defense

38. The above styled action may be barred by arbitration and award, accord and satisfaction, estoppel, waiver, release, and any other matter constituting an avoidance or affirmative defense.

### Tenth Defense

39. Defendants expressly reserve the right to file further pleadings and to assert additional defenses as the proof develops

WHEREFORE, the Defendant demands judgment as follows:

1. That the Complaint be dismissed and held for naught;

2. For their costs herein expended;

3. Trial by Jury;

4. For leave to amend this Answer to conform to the evidence;

5. For leave to amend this Answer for affirmative defenses to conform to the evidence;

and

For any and all other appropriate relief to which they may appear entitled.

Respectfully Submitted,

MIKE O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ *Susan K. Rivera*
Susan K. Rivera
Kristie B. Walker
Assistant Jefferson County Attorney
200 S. Fifth Street, Suite 300N
Louisville, Kentucky 40202
PHONE: (502) 574-3076
FAX: (502) 574-5573
EMAIL: susan.rivera@louisvilleky.gov
*COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned filed the above on March 23, 2023 using the Court's CM/ECF system which will send copies to all counsel of record.

/s/ *Susan K. Rivera*
*Counsel for Defendants*